**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

DEMARKAS MARSH,                 )
                                       )
            Plaintiff,          )
                                         )
         v.                  )        No. 1:15CV243 SNLJ
                                         )
JOHN C. SPIELMAN, et al.,       )
                                       )
           Defendants.     )

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner in the Dunklin County Jail, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $38.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Moreover, this action is dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

On December 4, 2014, police were dispatched to the Dunklin County Juvenile Office ("Juvenile Office") for a report of child abuse. *Missouri v. Marsh*, 14DU-CR01460 (Dunklin County). Plaintiff alleges that defendant Kimberly Morgan had called the Department of Social Services (the "Department"), because plaintiff's child refused to leave with him from school. Plaintiff's child told investigators with the Juvenile Office that plaintiff had been beating him with an extension cord and belt. *Id.* The investigation revealed several wounds, "some old and some still scabbed over." *Id.* The police arrested plaintiff. *Id.*

Defendant Jonce Chidister, an assistant prosecuting attorney, charged plaintiff with one count of felony abuse of a child. *Id.* Plaintiff pled guilty on March 3, 2015. *Id.* The Court sentenced him to two years' probation. *Id.*

On September 25, 2015, plaintiff admitted to violating the terms of his probation, and the court sentenced him to six months in the Dunklin County Jail. *Id.*

Plaintiff says that defendant Morgan slandered him by reporting the abuse to the Department. He claims that defendant Judge John C. Spielman convicted him without sufficient evidence. And he says that defendant Chidister used improper evidence.

## Discussion

The complaint is frivolous as to defendants Spielman and Chidister. *See Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (judges are "entitled to absolute immunity for all judicial actions that are not taken in a complete absence of all jurisdiction."); *Brodnicki v. City of*

*Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity.").

The complaint is also frivolous against defendant Morgan because reporting child abuse does not constitute a constitutional violation.

A suit against the Department is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

Finally, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). In this case, a finding in favor of plaintiff would imply the invalidity of his conviction. Therefore, this action fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $38.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this <u>11th</u> day of January, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE